EXHIBIT A

12/18/15 @2:40?

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLY FINANCIAL INC. and DOES 1 through 25 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERTO CONTRERAS

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2015 DEC 14 P 2:10

Sharon Ulleseit

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):*
15CV288977

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William E. Kennedy, 2797 Park Ave. Suite 201, Santa Clara, CA 95050 (408) 241-1000

DATE: December 14, 2015   DAVID H. YAMASAKI
(Fecha)                    Chief Executive Officer, Clerk        Clerk, by   Sharon Ulleseit       , Deputy
                                                                 (Secretario)                       (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ally Financial Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

William E. Kennedy State Bar No. 158214
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Email: wkennedy@kennedyconsumerlaw.com

Attorneys for Plaintiffs
ROBERTO CONTRERAS

ENDORSED
2015 DEC 14 P 2: 10
Sharon Ulleseit

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

### UNLIMITED JURISDICTION

| | |
|---|---|
| ROBERTO CONTRERAS,<br><br>Plaintiffs,<br><br>v.<br><br>ALLY FINANCIAL INC. and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No. 15CV288977<br><br>**COMPLAINT**<br><br>1. Violation of California Consumer Credit Reporting Agencies Act, Civ. Code § 1785.1 *et seq.*<br>2. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*<br>3. Violation of the Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1. This action was brought in response to Ally Financial Inc.'s continued attempts to collect fees for non-existent damages to a leased vehicle. Ally Financial rejected multiple disputes by Mr. Contreras which were accompanied by photographs showing the absence of damage to the vehicle. Ally Financial severely damaged Mr. Contreras' credit rating by submitting derogatory credit to the three major credit reporting agencies which is expected to remain until 2021.

## PARTIES

2. Plaintiff Roberto Contreras is an individual and at all relevant times herein was a resident of Santa Clara County, California.

3. Defendant Ally Financial Inc. (hereinafter "Ally") is an automobile financing company. Ally was at all relevant times and is qualified to do business in the state of California and regularly transacted business in Santa Clara County.

4. Plaintiff is ignorant of the names and capacity of Defendants herein sued as DOES 1-25 inclusive, and therefore sues these Defendants by such fictitious names. When the true names and capacities of these Defendants become known, Plaintiff will amend this Complaint to include their true names and capacities and, if necessary, will seek leave to amend to add additional allegations against them. Plaintiff is informed and believes, and so allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint, and that Plaintiff's damages were proximately caused by their conduct.

## VENUE AND JURISDICTION

5. The Defendants, and each of them, are subject to the jurisdiction of Santa Clara County Superior Court of the State of California by virtue of their business dealings and transactions in California, and by causing injurious effects in California by their acts or omissions.

6. Venue is proper in this Court because the property and transactions at issue occurred in Santa Clara County.

## FACTUAL BACKGROUND

7. Plaintiff Roberto Contreras leased a 2012 Cadillac SRX on October 23, 2011 at Symes Cadillac in Pasadena, California.

8. With the lease, Mr. Contreras purchased a "Smart Lease" contract for $729.00 which was advertised to be "hassle-free financial protection against excess wear charges."

9. The lease was immediately assigned to defendant Ally.

10. On or about November 2013, Mr. Contreras's wife scraped the right side of the Cadillac against a pillar while parking, damaging the vehicle's right side.

COMPLAINT

2

11. The vehicle was repaired at Custom Auto Craft Collision in Los Angeles, California pursuant to their auto insurance policy. Customer Auto Craft Collision provided a lifetime guarantee of their work.

12. Custom Auto Craft Collision used original manufacturer ("OEM") sheet metal for the repair of the Cadillac.

13. The lease expired in October 2014.

14. At that time Mr. Contreras lived in the Bay Area and therefore he returned the vehicle to Saint Claire Cadillac in Santa Clara, California per instructions from Ally.

15. Mr. Contreras disclosed that the Cadillac had been involved in an accident and had been repaired to the Saint Claire Cadillac representative.

16. Mr. Contreras informed the Saint Clair Cadillac representative that documentation concerning the repair of the accident damage was in the Cadillac.

17. Mr. Contreras' wife took numerous photographs and a video of the Cadillac to document that it was in excellent condition.

18. The individual who inspected the vehicle made no indication that there was any problem or issue with the Cadillac.

19. On November 6, 2014, Ally sent a letter to Mr. Contreras stating that he owed additional money for "Excess Wear."

20. The November 6, 2014 letter described the additional charges as follows:

**Account Settlement**
Now that your lease has ended, to settle your account and satisfy your obligations, a balance of $747.98 is due from you. The balance consists of the following:

| | | |
|---|---|---|
| Excess Wear | $ | 678.80 |
|     Exterior – Rear Door Right Previous Repair – Dul | $ | 106.40 |
|     Exterior – Front Door Right Previous Repair – Wa | $ | 102.60 |
|     Exterior – Fender Left Dented | $ | 133.00 |
|     Exterior – Rear Bumper Previous Repair – Dull Fi | $ | 129.20 |
|     Exterior – Quarter Panel Right Previous Repair -- | $ | 114.00 |
|     Exterior – Front Door Left Previous Repair – Wav | $ | 102.60 |
| Sales/Use Tax on Excess Mileage/ Excess Wear Charges | $ | 60.18 |
| Less – Security Deposit | - $ | 0.00 |
| Less – Other Funds Received | - $ | 0.00 |
| Balance due | $ | 747.98 |

3

COMPLAINT

21. None of the listed damage to the vehicle actually existed.

22. Even if such damage had existed, it should have been covered by the Smartlease contract.

23. Although the report claimed that rear bumper and the left front door were a "previous repair," in fact there was no accident damage nor repair to these parts.

24. Mr. Contreras and his wife contracted Greg at Ally to discuss and dispute the charges.

25. Greg told the Mr. Contreras to fax the documentation of the repairs by Custom Auto Craft Collision to Ally.

26. Mr. Contreras faxed the documentation of the repairs to Ally.

27. After faxing in the documentation of the repairs, Mr. Contreras was told that he still needed to pay all of excess wear charges.

28. Mr. Contreras asked to see the Cadillac, but were told by Ally that the vehicle had already been sold.

29. On November 27, 2014, Ally mailed the first of a series of collection letters to Mr. Contreras claiming that he owed money on the lease. Over the next several months, Ally mailed at least 14 such dunning letters to Mr. Contreras.

30. On approximately May 31, 2015, Mr. Contreras received a collection letter from United Recovery Systems, a collection agency, which sought to collect the excess wear fees.

31. At some point, Ally made photographs of the Cadillac which its agents had taken after the Cadillac was turned in on its website.

32. Mr. Contreras downloaded the photographs.

33. No damage to the vehicle is visible in the photographs of the Cadillac taken by Ally's agents after the Cadillac was turned in.

34. Ally reported derogatory credit with respect to Mr. Contreras. Specifically, Ally reported that Mr. Contreras was delinquent on the auto lease.

COMPLAINT                                                    4

35. On August 20, 2015, Mr. Contreras wrote a letter to dispute the derogatory credit reporting and sent it to Ally, Equifax, Experian, and Trans Union.

36. The August 20, 2015 letter attached the documentation from Custom Auto Craft Collision, as well as 21 pictures of the exterior of the vehicle which showed no damage, and no wavy or dull paint. The photographs were digital, are clear, and show the vehicle from several angles.

37. Plaintiff is informed and believe that Equifax, Experian, and Trans Union forwarded the dispute to Ally.

38. Mr. Contreras received a response to the dispute from Equifax indicating that it would report the Ally account as a paid charge off.

39. Mr. Contreras received a response to the dispute from Experian indicating that it would report the account as charge off with $747 past due.

40. Mr. Contreras received a response to the dispute from Trans Union indicating that it would report the account as an "unpaid balance charged off" with $747 past due.

41. On September 11, 2015, Ally wrote a letter which again claimed that $747.98 was due. The letter also stated "You have previously been advised to submit proof of prior repairs."

42. Although he had already submitted the documentation of the repairs by Custom Auto Craft Collision to Ally multiple times, Mr. Contreras again sent the documentation to Ally. Mr. Contreras again asked that the charges be removed from his account.

43. On October 20, 2015, Ally sent a letter to Mr. Contreras. The letter stated that Ally would adjust the account to withdraw the charges pertaining to "exterior rear door right - previous repair," "exterior front door right previous repair," and "exterior quarter panel right" previous repair. The letter stated that after this adjustment, Mr. Contreras still owed $396.72. The letter also stated that Ally refused to remove the derogatory credit from Mr. Contreras' credit report.

44. Thereafter, Ally reported to Experian that the account was charged off, that $747 had been written off, and that the account was past due $397 as of October 2015. The report

5

COMPLAINT

stated that the derogatory information would remain on the account until August 2021.

45. On or about November 18, 2015, Mr. Contreras received a letter from a second debt collection agency called Constar Financial Services LLC concerning the Ally account. Mr. Contreras also received multiple phone calls from Constar.

46. The year-long ordeal of disputing this matter, being subjected to repeated collection attempts by Ally and its debt collectors, and the damage that Ally has done to his otherwise excellent credit rating has been emotionally draining on Mr. Contreras, causing loss of sleep, nervousness, anger, and distraction, frustration.

### FIRST CAUSE OF ACTION
### Consumer Credit Reporting Act, Civil Code § 1785.1 et seq.

47. Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

48. Ally has reported to credit reporting agencies that Mr. Contreras' lease account was charged off, and that past due amounts remain unpaid. Ally has refused to remove these notations despite numerous requests, despite the fact that the charges are based on excess wear charges that are without justification. This false information is expected to remain on Mr. Contreras' report until 20

49. California's Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

50. Ally negligently and willfully furnished information to the credit reporting agencies that it knew or should have known was incomplete, inaccurate, and misleading, but nevertheless has reported and continue to report Plaintiff's account as in default.

51. In its willful reporting of inaccurate credit information, Ally was guilty of oppression, fraud, and malice as those terms are defined in Civil Code § 3294 (a).

52. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded him by Civil Code § 1785.31, including actual damages, pain and suffering,

6

COMPLAINT

punitive damages, injunctive relief, and attorney's fees.

## SECOND CAUSE OF ACTION
### Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

53. Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

54. 15 U.S.C. §1681s-2b explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to review all relevant information provided by the consumer reporting agency, conduct a reasonable investigation and report the results to the appropriate consumer reporting agencies. The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of 15 U.S.C. §1681s-2b.

55. Plaintiff communicated their dispute regarding the derogatory credit information to the Equifax, Experian and Trans Union. Thereafter, plaintiff is informed and believes that each of these credit reporting agencies notified Ally of the dispute in accordance with 15 U.S.C. §1681i(a)(2).

56. Thereafter, plaintiff is informed and believes that upon being notified of the dispute by a credit reporting agency, Ally failed to review all relevant information provided by the credit reporting agencies and available in its filed, and/or conduct a reasonable investigation to ascertain whether the derogatory information it had reported was incomplete or inaccurate, in violation of 15 U.S.C. §1681s-2b.

57. In addition, plaintiff is informed and believes that Ally notified the credit reporting agencies that the derogatory credit information reported with respect to the plaintiff was correct.

58. Plaintiff is informed and believes that the violation of 15 U.S.C. §1681s-2b by Ally was willful. In the alternative, plaintiff is informed and believes that the violation of 15 U.S.C. §1681s-2b by Ally was negligent.

59. Ally's violations of 15 U.S.C. §1681s-2b caused damages in an amount to be

proven at trial.

## THIRD CAUSE OF ACTION
**Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788, et seq.**

60. Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

61. Ally is a "debt collector" within the meaning of Civil Code §1788.2(c). The monies which defendant sought to collect from Plaintiff is a "debt" within the meaning of Civil Code §1788.2(d).

62. Ally, as alleged above, represented to Plaintiff that the loan balance could be increased by excess wear fees when no such charges could be included, in violation of Civil Code § 1788.13(e).

63. The debt collection practices of Ally violated other provisions of the Rosenthal Fair Debt Collection Practices Act, including to but not limited to Civil Code §1788.17, which incorporates by reference, and requires compliance with the provisions of the federal FDCPA, including:

    A. 15 U.S.C. § 1692e, which prohibits any false, deceptive or misleading representation or means in connection with the collection of any debt;

    B. 15 U.S.C. § 1692e(2)(A), which prohibits misrepresentation of the character, amount, or legal status of the debt;

    C. 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

    D. 15 U.S.C. § 1692f(1), which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Ally's violations were willful and knowing.

65. As a result of Ally's violations of the Rosenthal FDCPA, Plaintiff suffered actual damages and emotional distress, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a) Actual damages, including emotional distress, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, California Civil Code § 1685.31(a), and California Civil Code § 1788.30(a) and 15 U.S.C. § 1692k(a)(2)(A) (incorporated into the Rosenthal FDCPA by Civil Code §1788.17);

b) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and Civil Code § 1785.31(a)(2)(B);

c) Statutory damages pursuant to California Civil Code § 1788.30(b) and 15 U.S.C. § 1692k(a)(2)(B) (incorporated into the Rosenthal Act by Civil Code § 1788.17);

d) Injunctive relief to remove the derogatory credit from Plaintiff's credit report pursuant to California Civil Code § 1785.31(b);

e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(c), California Civil Code § 1785.31(a)(1), California Civil Code § 1785.31(d), California Civil Code § 1788.30(c), and 15 U.S.C. § 1692k(a)(3) (incorporated into the Rosenthal Act by Civil Code §1788.17);

f) For such other and further relief as the Court deems just and proper.

DATED: December 14, 2015

CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY

By: /s/ William E. Kennedy
Attorneys for Plaintiff Roberto Contreras

COMPLAINT

9

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

DATED: December 14, 2015

CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY

By: /s/ William E. Kennedy
Attorneys for Plaintiff Roberto Contreras

COMPLAINT 10

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William E. Kennedy SBN 158214<br>Consumer Law Office of William E. Kennedy<br>2797 Park Avenue, Suite 201, Santa Clara, CA 95050<br>TELEPHONE NO.: (408) 241-1000   FAX NO.: (408) 241-1500<br>ATTORNEY FOR (Name): | ENDORSED<br>2015 DEC 14  P 2: 10<br>Sharon Uliesell |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME: Contreras v. Ally Financial Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 15CV288977 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action (specify): 3: Civil Code 1785.25, 15 U.S.C. 1681, Civil Code 1788
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 14, 2015
William E. Kennedy
(TYPE OR PRINT NAME)                                  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **15CV288977**

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926). www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **William Elfving**            Department: **3**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
       Date: **APR 12 2016**       Time: **2:15pm** in Department: **3**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
       Date: _____       Time: _____ in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

---

CV-5003 REV 6/26/13   **ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**